RECEIVED IN CLERK'S OFFICE
U.S.D.C. Atlanta

MAY 1 4 2013

JAMES N. HATTEN, Clerk
By: ~~~~~ Deputy Clerk

**UNITED STATES DISTRICT COURT**

**NORTHERN DIVISION OF GEORGIA**

**TCB**

| | |
|---|---|
| BLACKSTREET ENT INC., | |
| CHAUNCEY HANNIBAL | |
| P/K/A | |
| CHAUNCEY BLACK | Case Number: |
| | |
| Plaintiffs, | **1:13-CV-1626** |
| | |
| V. | |
| | |
| EDWARD THEODORE "TEDDY" RILEY | |
| Serve: Edward "Teddy" Riley | |
| 1770 Bramble Bush Way | |
| Suwanee, GA 30324 | |
| | |
| Defendant | |

## COMPLAINT

This matter comes before the Court, by and through Chauncey
Hannibal, P/K/A Chauncey Black (Hannibal), and Blackstreet
Entertainment Inc., Complaint against Edward "Teddy" Riley,
for violations of the Lanham Trademark Act and state trademark
infringement, breach of contract, unfair competition, and
misappropriation of likeliness under the common and statutory
laws of the state of Georgia.

1

## JURISDICTION AND VENUE

1. This is an action for trademark infringement under the Landham Trademark Act,15 U.S.C § etseq. Copyright infringement under 17 U.S.C § 101 et seq., trademark infringment under Georgia State Law. This court has jurisdiction over the federal issue claims under 28 U.S.C. § 1338(a) and pendant jurisdiction over the claims arising under state law pursuant to 28 U.S.C. § 1338(b).

2. This court has personal jurisdiction over Defendant, Edward "Teddy" Riley, as he is a resident of the state of Georgia, and resides within the federal district of the Northern District of Georgia.

## PARTIES

3. Plaintiff Blackstreet Ent Inc., is a Virginia Corporation with its principle offices located in Virginia Beach, Virginia. The primary purpise of Blackstreet is to provide entertainment services, and as of the date of this Complaint primarily as the owner/operator of all rights in the musical group "Blackstreet."

4. Plaintiff Chauncey Hannibal P/BC/A Chauncey Black, is an individual residing in Atlanta Georgia and is the sole proprietor of all rights in Blackstreet Entertainment.

5. Defendant Edward Riley is an individual residing in Atlanta, Georgia.

## FACTS COMMON TO ALL COUNTS

## I.   BACKGROUND OF THE MUSICAL GROUP
## BLACKSTREET

6.   Plaintiff Hannibal and Defendant Riley are founding members
     of the musical group Blackstreet. Blackstreet is a multi platinum
     Grammy Award winning American Rand B group founded
     in 1991. The original recording and performing members of
     Blackstreet were Teddy Riley, Chauncey Black, Levi Little, and
     Joseph Stonestreet. Stonestreet was replace shortly theraftter with
     Dave Holister, before they began working on their self-titled debut
     album. The name Blackstreet is a combination of the nickname of
     Hannibal (Chauncey Black), and last name of Joseph Stonestreet
     (Street).

7.   Blackstreet recorded four studio albums from 1992 to
     2003.Blackstreet(1994), Another Level (1996), Finally (1999),
     Level II(2003), and a complitaions album No Diggity: The Very
     Best of Blackstreet(2003).Blackstreet now consists of Riley, Dave
     Hollister formerly of Blackstreet, Sherman "J-Stylz" Tinsdale,
     Glenn Adams a/k/a Lenny Harold, and Monte Mitchell a/k/a
     Tony Tyler (all work for hire), However they continue to use the
     Blackstreet moniker even though Hannibal owns the name.

8.   The primary creative sources for Blackstreet's work are Riley and
     Hannibal. At no time should any other member assume this duty
     without approval of Hannibal and Riley.

## II.   THE BLACKSTREET TRADEMARK AND
## COPYRIGHTS

9. Blackstreet at all times pertinent to this matter, performed under the "Mark" Blackstreet. In 1992, Riley filed an application with the United Stes Trademark Office for the word Trademark "Blackstreet"(the "Mark") in 1992, for entertainment services in the nature of instrumental and vocal group." The Mark was granted U.S. Registration No. 2075927 on July 1, 1997 in International Class 041.

10. Registration No. 2075927 was cancelled on April 4, 2008 but re-registered by Hannibal, with a filing date of April 30, 2009 and a registration date of November 16, 2011. The current U.S. Registration No. is 3877629. The cancellation was unintended, and at no time was the Mark abandoned by Blackstreet, Riley, or Hannibal. A copy of the current registration is attached herein as Exhibit 1.

11. The Mark "Blackstreet" has been assigned, in ts entirety, to Blackstreet by Hannibal.

12. Copyright registration for the performing rights for the Blackstreet material being performed by Riley, are currently held by Hannibal(the "Copyright") formation and belief, in which Riley has performed songs covered by Copyright Registration PA0000717216, PA00008328888, PA0000875587, and ithers to be identified.

13. No copyrights have been claimed by Riley since Hannibal filed registration in 2009. All rights in the Mark "Blackstreet" and in the Copyrights have been assigned in their entirety, to Blackstreet by Hannibal.

4

### III.   INFRINGING ACTIVITY AND CONTRACT BREACH BY RILEY

14. March 2013 to present, Riley has often held himself with several work for hire performers to be Blackstreet, and used the "Mark" Blackstreet to advertise their performances without prior consent and authorization of Blackstreet per contractual agreement. See Exhibit 2. As recently as May 2013, Riley has advertised himself and others and performed as Blackstreet. Exhibit 4(Blackstreet Concert Schedule).

15. Riley has also used without prior consent or authorization images of Hannibal in advertising their infringing performances. See Exhibit 3.

16. Hannibal who is a founding member of Blackstreet, has been unable to perform with Blackstreet do to Riley's uncooperation. Riley has refused to perform with Hannibal, causing some concerts that were previously booked to be cancelled. On several occassions Riley refused to perform because Hannibal was in attendance; fullfilling his contractual obligations with promoters and to peform for his fans. Riley's actions made him unable to perform his duties.

17. Riley has repeatedly ignored phone calls and emails to stop using the Blackstreet "Mark". Riley has continued to go on a U.S. tour, and performed overseas with other members of Blackstreet without Hannibal's consent. The group performs as "Blackstreet", also Teddy Riley: Featuring Blackstreet, and Blackstreet featuring Teddy Riley and Dave Hollister.

5

18.     At no time should Blackstreet consist less than Riley and Hannibal, both Hannibal and Riley agree that unless put in writing ,that neither shall hold themselves out to be, record, create, perform, or otherwise act independently under the name, the likeliness of Blackstreet, or connected to Blackstreet in any other manner. See Exhibit 2.

19. The contractual agreement also states that anything related to Blackstreet may not benefit Hannibal or Riley individually, and any income generated by "Blackstreet" shall be paid directly into Blackstreet Entertainment Inc., and shall not otherwise benefit Hannibal or Riley individually.

## I. THE V101.1 INTERVIEW GIVEN BY RILEY

20. On or about March 10, 2013 Riley called in to V101.1 radio station to give an interview With "Big Al" of V101.1. The offices are loacted in Sacremento California.

21. Riley was interviewed to shed light on rumors regarding  if Blackstreet would be performing at the Mother's Day show in Sacremento on May 12, 2013, at the Woodlake Hotel.

22. The interview entitled,  ''Big Al talks to Teddy Riley of Blackstreet and can be found by using the link http:// www.v1011fm.com/pages/big-al.html?article=11276362. Additionally it can be found on the radio station's V101.1 website.

23. During the recorded phone call interview given by Big Al Riley stated:

a. That he would be performing with Dave Hollister as Blackstreet.

b. The show would be performed on Mother's Day 2013 .

c. Riley acknowledged that fans were afraid that "Blackstreet" would not be performing.

d. He assured "Big Al" and the fans, that he and Hollister would be there as Blackstreet, Riley stated ''Go get your tickets".

24. Despite Riley knowing that Blackstreet consists of he and Hannibal ,and other members appointed by " Blackstreet," Riley misled the public by saying that Blackstreet would be there, even though Hannibal would not be in attendance. Several advertisments for this event feature Hannibal's picture with former Blackstreet members. Exhibit 3.

25. This is causing direct and proximitate damange to the plaintiff, and defendant has and will continued to violate Plaintiffs rights. This is causing continuing monetary and reputational damage to Blackstreet and Hannibal.

## COUNT I: TRADEMARK INFRINGEMENT OF BLACKSTREET U.S. TRADEMARK REGISTRATION NO. 3877629 UNDER 15 U.S.C. §1114

26. Plaintiffs incorporate the preceding paragraphs as through fully restated herein.

27. Blackstreet Ent Inc., is the owner, by assignment, of Trademark Registration No. 3877629 (the "Mark" or " Blackstreet"). The

Mark covers "entertainment services in the nature of instrumental and vocal group.

28. The Registration for the Mark is valid, subsisting, and Defendant is on notice of Blackstreet's ownership of the Mark as well as on notice of their infringing activity.

29. Defendant has been and plans to continue to use the Mark without Plaintiff's consent.

30. Defendants infringement is knowing, willful, and intentional, intended to cause confusion, mistake, and deceive.

31. As a direct and proximate result of the acts of the Defendant, Plaintiff has been damaged in amount to be proven at trial.

32. As a result of Defendant knowing, willful and intentional infringement, Plaintiff is entitled to recover treble damages and attorney's fee under 15 U.S.C. §1117(b).

## COUNT II. FALSE DESIGNATION OF ORIGIN, FALSE
## ADVERTISING, UNFAIR COMPETITION
## 15 .S.C. § 1125(a).

33. Plaintiffs incorporate the preceding paragraphs as though fully restated herein.

34. Defendant has used the name and Mark Blackstreet in such a manner as to create actual confusion and likelihood of confusion among prospective consumers and/ or purchasers of the service provided by Plaintiffs, causing the customers and/or purchasers to mistakenly believe that Defendant is providing good and/or service that are rendered, sponsored by, associated with, or approved by

8

Plaintiffs.

35. Defendant has harmed the good will of Plaintiffs in the name and Mark Blackstreet, causing immediate and irreparable harm to Plaintiffs. Hannibal has been unable to perform with Blackstreet due to Riley refusing to perform. This not only is a breach, it also creates a conflict of interest with promoters and fans who expect to see if Hannibal perform in Blackstreet.

36. The use of the name and Mark Blackstreet by Defendant constitutes false destination of origin, false advertising, and/or unfair competition under 15 U.S.C. § 1125(a).

37. Riley occassionally refers to Blackstreet as "BS2", as in Blackstreet 2, which creates unfair competition with Blackstreet and confuses the consumer. On all tour dates the group is listed as "Blackstreet."

38. The actions of Defendant has caused and continue to cause Plaintiffs to suffer irreparable injury, including confusion, mistake, and deception in the consuming public, as well as the loss of good will and buisness reputation for Plaintiffs and the name and Mark Blackstreet.

39. The actions of Defendant continues to harm and deceive the consuoming public, so long as Defendant continues his unlawful acts.

40. Defendant acts are willful, knowing, and malicious.

41. Plaintiffs are entitled, in addition to injunction and other equitable relief to damages in amount to be proven a trial.

42. Plaintiffs are additionally entitled to treble damages, attorneys fees
and costs if applicable under 15 U.S.C. § 1117 (a).

## COUNT III: TRADEMARK/ SERVICE MARK DILUTION
## UNDER USC §1125 (b)

43. Plaintiffs hereby reallege and incorporate by reference the
allegations of preceding paragraphs as if fully set forth herein.

44. The Mark Blackstreet is famous within the meaning of the
Trademark Dilution Revision Act of 2006.

45. Defendants use of the Mark Blackstreet has lessened and
will continue to lessend the capacity of Plaintiffs famous and
distinctive Mark BLACKSTREET, to distinguish Blackstreet from
others, Hannibal is an original founding member of Blackstreet and
he and Riley together are Blackstreet.

46. Defendants conduct as alleged above is likely to cause, and has
caused, blurring and impared the distinctiveness of the Mark
Blackstreet. Consumers are likely to associate, and have already
associated Defendants use of the Mark BLACKSTREET without
Hannibal as a member itself.

47. Defeendants conduct as alleged above is also likely to and has
caused tarnishing of the Mark Blackstreet that harms the reputation
of the Mark BLACKSTREET and the groups Blackstreet.

48. Riley has derived and continues to derive substantial revenue and profits from past and ongoing dilution of the Mark BLACKSTREET, as a result of his unauthorized uses of the Mark BLACKSTREET.

49. Defendants use of the Mark BLACKSTREET constitues dilution in violation of Section 43 (c) of the Lanham Act, 15 U.S.C. 1125(c).

50. Defendants dilution of the Mark BLACKSTREET has caused Plaintiffs damages in an amount to be determined at trial. For example and without limitation, Riley has been unjustly enriched through his unlawful and unauthorized use of Mark BLACKSTREET.

51. Plaintiffs have been, and absent injunctive relief will continue to be irrepably harmed Defendants actions.

52. Plainiffs have no adequate remedy at law.

## COUNT IV: CONTRIBUTORY TRADEMARK INFRINGEMENT

53. Plaintiffs incorporate the preceding papragraphs as through restarted herein.

54. Defendant, by and through his actions, has intentionally induced other to infringe Plaintiffs Mark BLACKSTREET.

55. Defendant, by and through his actions, has performed and continues to perform where the performances have been

advertised and/or marketed by others under the name and Mark
Blackstreet despite knowing that to do so is engaging in trademark
infringement.

56. As a direct and proximate result of the acts of the Defendant,
Plaintiffs have damages in an amount to be proven at trial.

57. Plaintiffs have no adequate remedy at law.

## COUNT V: COPYRIGHT INFRINGEMENT

58. Plaintiffs incorporate the preceding paragraphs as through fixlly
restated herein.

59. Plaintiffs are, individually the owners of U.S. Copyright
Registrations No. PA0000717216; PA00009328888;
PA0000875587 and others.

60. Defendant has knowingly and willfully infringed those Copyrights
by performing the songs and music proected by the Copyrights.

61. Plaintiffs have been and continues to be harmed by Defendants
prior and continuing copyright infringement in an amount to be
determined at trial, and Plaintiffs are entitled to recover actual
and punitive damages, as well as attorneys fees and costs, for
Defendants willful copyright infringment.

62. In the alternative, Plaintiffs are entitled to recovery of statutory
copyright infringment damages.

12

## COUNT VI: TRADEMARK INFRINGEMENT
## UNDER GEORGIA LAW

63. Plaintiffs incorporate the preceding paragraphs as through fully restates herein.

64. Plaintiff possess valid, prior- established trademarks entitled to protection under Georgia law.

65. Defendant has continued to use the name and Mark BLACKSTREET despite constructive and actual notice that the Mark Blackstreet is a valid Mark, is owned by Plaintiffs.

66. Defendant has been and plans to continue to use the Mark without Plaintiffs consent.

67. Defendants infringement is knowing, willful, and intentional, and intended to cause confusion, mistake, and or/deceive.

68. Defendants acts, as described abive, constitute trademark infringement of the Mark BLACKSTREET unders Georgia law, resulting in irreparable injury to Plaintiffs.

69. Defendant is also liable for contributory trademark infrigement of the BLACKSTREET trademark under Georgia law.

70. Defendants infrigement has damaged Plaintiffs in an amount to be detrmined at trial. For example and without limitation, Defendant has been unjustly enriched through his unlawful and unauthorized use of the Mark BLACKSTREET.

71. Defendants infringement has caused and, unless retrained by this Court will continue to cause Plaintiffs irreparable injury.

72. Plaintiffs have no adequate remedy at law for Defendants infringement of his common law trademark right.

## COUNT VII UNFAIR COMPETITION
## UNDER GEORGIA LAW

73. Plaintiffs hereby reallages and incorporates by reference the allegations of preceding paragraphs as if fully set forth herein.

74. Defendant has used the Mark BLACKSTREET unfairly to the detriment of Plaintiff. Defendants use of the Mark BLACKSTREET is likely to and has confused consumers of Plaintiffs services.

75. As a result of Defendants conduct, Plaintiffs have suffered and will continue to suffer damages, including reputational damages because of consumer confusion as to the origin or sponsorship of the perfromance by Defendant. For example, and without limitation Defendant has unjustly enriched through his unlawful and unauthorized sales of the Mark BLACKSTREET.

76. Defendants infringement has caused and unless restrained by this Court, will continue to cause Plaintiffs irreparable injury.

77. Plaintiffs have no adequate remedy at law.

14

## COUNT VIII VIOLATION OF GEORGIA CODE §13-8-14

78. Plaintiffs hereby reallege and incorporates by reference the allegations of preceding paragraphs as if fully set forth herein.

79. Defendants acts as described above violate Georgia Code §13-8-14.

80. Riley has entered into an agreement and mutually undertaken the acts described above for the purpose of willfully and maliciously injuring Plaintiffs in their trade and/or business. Riley enetered into this intentionally, purposefully, and without lawful jurisdiction.

81. Specifically, Riley entered into an agreement whereby he would use the Mark BLACKSTREET to market and/or advertise his performances and perform as "Blackstreet." He did so knowing that the Mark BLACKSTREET is valid and entitled to protection under federal and state law and that use of Mark would cause confusion.

82. Further, Riley entered into an agreement whereby he would market and advertise himself using the names and likeness of Hannibal knowing that he had no permission to do so.

83. Riley entered into the agreement knowing that his acts were unlawful and with the intent to maliciously injure Plaintiffs.

84. Riley's violation of Georgia Code §13-8-14 has caused Plaintiffs damage in an amount to be determined at trial.

85. Riley's violation of the Georgia code has caused and unless restrained by this Court, will continue Plaintiffs irreparable injury.

86. Plaintiffs have no adequate remedy at law.

## COUNT IX
### VIOLATION OF RIGHT OF PUBLICITY

87. Plaintiffs hereby reallege and incorporate by reference the allegations of preceding paragragphs as if fully set forth herein.

88. Riley's acts as described above violate Hannibal's right of publicity violating "BLACKSTREET" name and likeness.

89. Specifically, Riley has knowingly misappropriated the name and likeness of Hannibal as part of his marketing and advertising for his performances.

90. Riley has not sought or received consent, written or otherwise, for the use of Hannibal's names or likeness in his advertisements for Blackstreet.

91. Riley's violation has caused Hannibal damage in an amount to be determined a trial, including explemplary damages

92. Riley's violation has caused and unless retrained by this Court, will continue to cause Hannibal irreparable injury.

93. Hannibal has no adequate remedy at law.

### COUNT X VICARIOUS LIABILITY

16

94. Plaintiffs hereby reallege and incorporates by reference the allegations of preceding paragraphs as if folly set forth herein.

95. Riley had the right and the ability to supervise the activities of the promoters and other agents involved in his advertising and marketing ,and the unlawful actions by those advertisers, marketers and promoters were expressly or impliedly directed by Riley and/ or the activities of the promoters, marketers and advertisers were naturally incident to Riley's interests.

96. Riley had a direct and obvious financial interest in the unlawful activities by the promoter.

97. Riley knew of or willfully ignored the unlawful acts by the promoters, marketers, and advertisers. The unlawful acts caused and, unless restrained by this Court, will continue to cause Plaintiffs irreparable injury.

98. Plaintiffs have no adequate remedy at law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs Blackstreet Entertainment, Inc., and Chauncey Hannibal prays for judgement in their favor against Riley and for an Order of the Court:

A. Granting a strict preliminary and permanent injunction which is enforceable by Georgia state law, restraining Defendant, his promoters, work for hire employees, officers, directors, agents, servants, other forms of employees, successors, all parties the defendant assigns, and all others in concert privity with said parties from the following:

i. infringing or causing any other entity or individual to infringe on the Mark BLACKSTREET;

ii. directly or indirectly using Plaintiffs Mark BLACKSTREET, or other terms confusingly similar, for any musical or other performances, appearance, or in any other manner.

iii. directly or indirectly advertising or offering to sell or causing, adding, abetting or contributing to any advertisement, marketing, or promoting performance or other services with the Mark BLACKSTREET;

iv. diluting Plaintiff's trademark rights.

v. infringing and/or performing in any manner that will infringe the copyrights belonging to Plaintiffs;

vi. unfairly competing with Plaintiffs in any manner and/or

vii.    using the names and/or likeliness of Hannibal for advertising, marketing, or promotional purposes.

B.   Directing an accounting to determine all gains, profits, savings and advantages obtained by Riley as a result of his wrongful actions.

C.   Awarding Plaintiffs restitution of all gains, profits, savings, and advantages obtained by Riley as a result of his wrongful actions, in an amount to be proven at trial.

D.   Awarding Plaintiffs all damages by Defendants wrongful actions;

E.   Awarding Plaintiffs treble the amount of its damages, together with the costs of this suit, including reasonable expenses and prejudgment interest, pursuant to all other applicable provisions and principles of federal Georgia law.

F.   Awarding Plaintiffs an amount sufficient to conduct a corrective advertising campaign to dispel the effects of Riley's wrongful conduct and confusing and misleading advertising.

G.   Directing Riley to file with this Court and serve on Plaintiff within (30) days after the service injunction, a report in writing under oath, that describes in detail the manner and form in which they have complied with the orders of this Court, and

H.   Awarding Plaintiffs punitive and/or exemplary damages in an amount sufficient to deter future similar acts by Riley, and others.

**<u>JURY TRIAL DEMANDED</u>**

BLACKSTREET ENTERTAINMENT INC.

CHAUNCEY HANNIBAL

Sign Here

Chauncey Hannibal

5168 McEver View Drive

Sugar Hill, GA 30518

Enclosures (4)